## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD

**JOHNNY PEETS,**

       **Petitioner,**

**v.**                                **Case No. 1:15-cv-14283**

**BARBARA RICKARD, Warden,**
**FCI McDowell,[1]**

       **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

### RELEVANT PROCEDURAL HISTORY

### A.    The petitioner's conviction and direct appeal.

On November 19, 2008, the petitioner waived indictment in the United States District Court for the Eastern District of Virginia and pled guilty, pursuant to a written plea agreement, to one count of Conspiracy to Distribute 500 or More Grams of Cocaine,

---

[1] The proper respondent in a habeas corpus matter is the petitioner's custodian. The current Warden at FCI McDowell is believed to be Barbara Rickard. Accordingly, the Clerk is directed to modify the docket sheet to reflect that Barbara Rickard is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (*United States v. Peets*, No. 1:08-cr-00465-CMH-1 (E.D. Va. Nov. 19, 2008).  On March 27, 2009, the petitioner was sentenced to 160 months in prison, followed by a five-year term of supervised release.  (*Id.*, Judgment, ECF No. 24).  The petitioner's sentence calculation included an enhancement under section 4B1.1 of the United States Sentencing Guidelines for being a career offender.[2]  The petitioner did not appeal his Judgment.

### B.    The petitioner's section 2255 motion.

On June 27, 2016 (after the filing of the instant section 2241 petition), the petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Virginia challenging his career offender enhancement under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  (*Id.*, ECF No. 34).  On October 18, 2016, the Virginia District Court denied the petitioner's section 2255 motion.  (*Id.*, ECF No. 41).

### C.    The petitioner's present section 2241 petition.

On October 23, 2015, the petitioner filed the instant section 2241 petition (ECF No. 1) and a Memorandum of Law in support thereof (ECF No. 2).  In the instant petition, the petitioner raises three grounds for relief, all of which center around the imposition of a career offender enhancement to the petitioner's sentence without the filing of an information under 21 U.S.C. § 851.  The three grounds for relief assert as follows:

> A.    Petitioner was denied and deprived procedural due process when the Judge abused his discretion sentencing him as a career criminal offender using drug prior convictions without the government filing an 851 notice with the court and not served upon the petitioner and counsel.

---

[2] The undersigned notes, however, that the 160-month sentence that was imposed was below the calculated Guideline range.

2

B.    Defense counsel was ineffective when permitting the petitioner to plea to a career criminal enhancement using drug prior convictions without an 851 notice served upon counsel and petitioner by the government.  Defense counsel's advice prejudice[d] the petitioner[] and the deficient performance effected [sic; affected] his liberty, in violation of due process and the Sixth Amendment.

C.    Since the district court did not have jurisdiction to sentence petitioner as a career criminal offender using drug prior convictions without the filing of the government's 851 notice into court nor upon petitioner there is no time limits or restrictions upon challenging grounds one and two in the above.

(ECF No. 1 at 4-5).  The petitioner requests that this court vacate and set aside his sentence and remand for resentencing at a lower Guideline range.  (*Id.* at 7).

Because it plainly appears that the petitioner is not entitled to the relief requested in this court, the undersigned has not required the respondent to answer the petition.

## ANALYSIS

### A.    The petitioner is not entitled to relief under section 2241.

The petitioner's claim clearly challenges the validity of his sentence, and not the manner in which the sentence is being executed.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of Virginia.  Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.  However, the petitioner has already unsuccessfully filed a section 2255 motion and he has not been granted authorization to file a second or successive section 2255 motion by the United States Court of Appeals for the Fourth Circuit.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that

provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.[3]

The savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255. The petitioner's claims were available to him at the time of sentencing and he should have raised them, if at all, either in a direct appeal or in a timely section 2255 motion. They are certainly untimely now and would be barred under section 2255. Furthermore, the petitioner cannot satisfy the savings clause criteria, as he does not assert that there has been a substantive change in the law that makes the conduct of which he has been convicted no longer criminal.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claim contained in his section 2241 petition. Moreover, while this court could construe the petitioner's petition as section 2255 motion and transfer it to his court of conviction, such

---

[3] On March 28, 2018, a three-judge panel of the Fourth Circuit issued an opinion in *United States v. Wheeler*, No. 16-6073, 2018 WL 1514418 (Mar. 28, 2018), which extended the application of the savings clause to sentencing challenges and revised the *Jones* test with respect to such challenges to include the following factors: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Id.* at *10. On May 11, 2018, the United States filed a petition for rehearing en banc in *Wheeler* and the Fourth Circuit has stayed the mandate therein pending a ruling on that motion. The *Wheeler* panel opinion specified that "there is no doubt that *Jones* is still good law in this circuit." *Id.* at *8. Regardless of whether the District Court relies on *Jones* or *Wheeler*, the petitioner is not entitled to relief under section 2241 because he does not rely on a substantive change in the law that has been made retroactively applicable on collateral review.

action would be futile because such a motion would now be an unauthorized second or successive motion and would be untimely.

Furthermore, even if this court could exercise jurisdiction herein, the petitioner's claims concerning the failure to file a section 851 notice or information have no merit. The petitioner is confusing two separate issues. Pursuant to 21 U.S.C. § 851, a defendant may be subject to an increased statutory sentence under 21 U.S.C. § 841(b) if he has been convicted of one or more prior felony drug offenses. However, for such a statutory enhanced penalty to apply, the government must, before trial or a guilty plea, file an information setting forth in writing the previous convictions to be relied upon. Ultimately, the defendant must affirm or deny whether he is the person who has been previously convicted of the subject conviction(s) or he may challenge the same through a hearing. *See* 21 U.S.C. § 851.

This process, however, is not applicable to the imposition of an enhancement under Chapter 4 of the United States Sentencing Guidelines for being a career offender. To be found to be a career offender under the Guidelines, the district court must find that: 1) the defendant was at least eighteen years old at the time of the instant offense; 2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and 3) the defendant had at least two prior felony convictions of either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). If the district court makes such a finding, the defendant is subject to an increased offense level determined in accordance with his offense of conviction's statutory maximum, as well as an increase in his criminal history category to a level VI. *See* U.S.S.G. § 4B1.1(b). Accordingly, section 851 does not directly govern a career offender designation under the Guidelines and no such notice or information is required. Thus, the petitioner would not

be entitled to any relief on his claims which are all grounded in the failure of the government to file a section 851 notice or information prior to the imposition of a career offender enhancement under the Guidelines.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

June 11, 2018

Dwane L. Tinsley
United States Magistrate Judge

8